STATE OF VERMONT

| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 119-8-13 Vtec |
| --- | --- |
| Brothers Bldg. Co. Change of Use<br>Determination | DECISION ON MOTION |

### Decision on Cross-Motions for Summary Judgment

Brian Fleisher ("Appellant") appeals a decision of the Town of Waitsfield Development Review Board ("DRB") affirming the decision of the Town of Waitsfield Zoning Administrator ("ZA") that no permit was required for the current use by Brothers Building Company ("Brothers") of their property at 49 Butcher House Drive in the town of Waitsfield, Vermont.

Appellant moves for summary judgment on 2 of the 22 questions raised in his Statement of Questions. These two questions ask whether Brothers has undertaken development without the required zoning permit in violation of the most recent version of the Town of Waitsfield Zoning Bylaws ("2010 Bylaws"). Brothers also moves for summary judgment, arguing that Appellant's appeal is barred because of his failure to appeal a December 17, 2012 ZA determination that no permit was required. Alternatively, Brothers argues that there is a dispute of fact over whether the use of the property has changed or whether the current use of the property is "grandfathered" in as a preexisting use.

### Statement of Facts

For the purpose of putting the pending motions into context, the Court recites the following material facts which it understands to be undisputed unless otherwise noted:

1.     Brothers Building Company ("Brothers") owns property at 49 Butcher House Drive in Waitsfield, Vermont. Brothers purchased the property from Waitsfield Corporation in 1981. Prior to purchasing its property, Brothers leased the property from Waitsfield Corporation.

2.     In 1979, Brothers applied for and was granted a permit to build an addition to a barn on the property described as a "Storage Barn." The use of the barn on Brothers' property is

described on this permit application as "commercial." The permitted expansion of the barn was never undertaken.

3. In 1982, Brothers again applied for and received a permit to extend the "storage barn." The property use was again described as "commercial." This construction was completed as permitted.

4. In 1983, Brothers applied to construct a second addition to the "storage barn." This application was approved and the addition constructed. Brothers has no other town permits for the use of the property at 49 Butcher House Drive.

5. Brothers' historic use of the property is disputed by the parties.

6. Appellant, Brian Fleisher, has owned property adjacent to the Brothers Building Company property since 1974.

7. From 1974 to 1981, Appellant lived sporadically in a house on his property as well as at other locations in Waitsfield, Warren, and Fayston.

8. In 1981, Appellant built a house on a .21-acre subdivided portion of his property which he has occupied himself at times or has rented to others. This house is near the border between his property and Brothers' property.

9. From 1981 to 1985, Appellant lived in the house for various periods of time, but also lived at other locations in the Mad River Valley and elsewhere.

10. Between 1985 and 1999, Appellant lived out of state and visited the house only once per year. In the spring of 2000, Appellant moved back to the property and has lived there since.

11. Appellant states that from 1974 through 1982 there was no use of the barn for a construction business, no outdoor storage of construction materials, no dumpster located on the property, no trailer, vehicles, or equipment stored on the property, and that people accessed the barn a few times per year at most.

12. Brothers states that it has conducted business operations at 49 Butcher House Drive since the early 1970s and that Brothers has used the property for both indoor and outdoor storage of construction materials and storage of machinery, equipment, vehicles, and dumpsters for the past 40 years, approximately. Brothers states that the amount and type of

2

materials and the intensity of the use has changed with the amount of its business, which is influenced by the seasons and other factors.

13.     The parties further dispute whether Brothers' use of the property changed or increased around November 2012 and through the present.  Appellant states that around this time there was a dramatic increase in activity at Brothers' 49 Butcher House Drive property.  Brothers states that the use of the property at that time and through to the present is consistent with the historical use of the property and that no change in use has occurred.

14.     In November 2012, Appellant complained to the ZA that Brothers' use of its property had changed and increased dramatically and was negatively impacting Appellant's use of his property.

15.     In response, by letter dated December 11, 2012, the ZA notified Brothers that the alleged violation had been brought to her attention and that any change in use would require conditional use approval.

16.     After discussions with representatives of Brothers, the ZA issued a Notice of Decision of Zoning Administrator on December 17, 2012 and an accompanying letter further explaining the decision.  The decision itself states that no municipal zoning permit is required from the Town of Waitsfield for the storage barn and workshop owned and operated by Brothers at 49 Butcher House Drive.  It also states that no permit is necessary for storage in the yard area.  The decision states that it is based upon the ZA's finding that there was no change or increase in use and therefore no new development.  The letter explains that the property has been used in this manner since at least 1982 and therefore was "grandfathered in without a permit."  This decision was not appealed by Appellant or anyone else.

17.     Sometime in early 2013, Appellant again complained to the ZA about the activities at Brothers' 49 Butcher House Drive property.  The ZA responded by letter dated May 29, 2013.  Again, the ZA stated that because the use dated back to at least 1982 when Brothers obtained the permit to expand the workshop, and because there was no change or increase in that preexisting use, no permit was necessary.  The letter specifically references the December 17, 2012 letter and the "no permit required" decision and reiterates the findings therein.

3

18.     Appellant appealed the May 29, 2013 letter to the DRB on June 12, 2013. In the appeal to the DRB, Appellant alleged that because Brothers stored construction materials and equipment on its property, it had established a "contractor's yard" as defined in the 2010 Bylaws, a prohibited use in that zoning district. Appellant, in the same document, also states that Brothers is permitted for a construction shop on the property. He states, however, that their use of the property has increased to include the outdoor storage of vehicles, dumpsters, and construction materials.

19.     The DRB held a hearing on the appeal on July 23, 2013. At the hearing, the DRB considered evidence presented by the ZA, Brothers, and Appellant. In a written decision issued on August 30, 2013, the DRB concluded that the property was used as a "commercial construction storage and workshop" and had been for a substantial number of years. The DRB found that because there was no change in use of the property the ZA's determination was proper and no permit was required.

**Discussion**

The pending cross-motions for summary judgment raise two issues. First, Appellant asks this Court to find as a matter of law that Brothers is in violation of § 1.03(B) of the 2010 Bylaws, which requires a permit before the commencement of any land development. Appellant argues that Brothers only has a permit for a "storage barn" and does not have a permit for the current use of the property. Specifically, Appellant argues that Brothers established a "contractor's yard" as defined in the 2010 Bylaws and started using the property for outdoor storage without the required permits. Appellant moves for summary judgment on this issue because he represents that there is no dispute of fact that Brothers is currently operating what could be defined as a "contractor's yard" and it is undisputed that Brothers has no permit for such use.

Second, Brothers argues that the December 12, 2012 ZA decision that no permit was required for its then existing use of the 49 Butcher House Drive property was not appealed and is therefore final. Brothers asks the Court to enter judgment in its favor because Appellant is precluded from challenging the 2012 Notice of Decision of Zoning Administrator either directly or indirectly. Appellant argues that the ZA's determinations in the 2012 decision are not

4

dispositive of the different issues raised in this appeal and further that Brothers' use of the property has changed since the 2012 decision was issued.

## I.  Summary Judgment Standard

Vermont Rule of Civil Procedure 56 provides the standard for deciding motions for summary judgment.  The court will grant summary judgment to a moving party if that party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a).  When considering cross-motions for summary judgment, the court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences.  City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332.  The court also accepts as true all factual allegations made in opposition to a motion for summary judgment, so long as they are supported by "specific citations to particular parts of materials in the record."  V.R.C.P. 56(c)(1)(A).

## II.  Appellant's Motion for Summary Judgment

We first consider Appellant's motion for summary judgment on questions 1 and 2 in his Statement of Questions.  Question 1 asks: "Whether Brothers Building Company has violated, or is in violation of, Waitsfield Zoning Bylaws ("WZB") Section 1.03B due to land development not in conformance with the WZB such that the land development is prohibited?"  Question 2 asks: "Whether Brothers Building Company has violated, or is in violation of, WZB Section 1.03B due to land development which is not otherwise exempted from the WZB and is prohibited until approved pursuant to the WZB?"  Section 1.03B states:

> In accordance with [the Vermont Planning and Development Act] [§ 4446], no land development shall commence within the jurisdiction of the Town of Waitsfield except in conformance with the requirements of this bylaw.  Any land development which is not specifically authorized under this bylaw, nor is otherwise exempted from these regulations under Section 6.02, is prohibited.

Appellant first argues that the permits Brothers received to expand the storage barn "establish Brothers' non-storage activities as unauthorized land development."  (Appellant's Mot. for Summ. J. at 5, filed Dec. 23, 2013.)  Appellant looks at each of the zoning bylaws in effect at the time of the three applications for expansions to the storage barn and classifies the "storage barn" use based on the permitted uses in the relevant zoning district at that time.  Appellant argues, for example, that because Brothers' 1979 permit does not mention a zoning

5

board of adjustment decision, the use allowed by that permit must have been a use permitted as of right. Appellant recognizes that "enclosed storage" was a permitted use in the relevant zoning district at that time and argues that the permit to expand the "storage barn" must therefore have been a permit for an "enclosed storage" use. Appellant characterizes the "use" granted in the 1982 and 1983 permits as a "warehouse or storage facility" using the same analysis. Appellant argues that these permits limit the use of Brothers' property to indoor storage and that any other use of the property is not authorized. For the reasons detailed below, we conclude, however, that Appellant's arguments are insufficient to establish as a matter of law that Brothers' current use of the property is unauthorized.

If, as Brothers argues, since the early 1970s the use of the property has been a construction workshop, including both indoor and outdoor storage, we cannot say as a matter of law, based solely on building permits granted to expand the barn, that the use of the property was unauthorized at that time. To the extent that Appellant avers that the use of the property between 1974 and 1982 did not include any workshop or outside storage of construction materials, that fact is directly disputed by affidavits submitted by Brothers. These facts are material to a determination of when Brothers' use of the property was established, whether it was ever a lawfully established use, and whether the use changed in 2012, as Appellant suggests.

For similar reasons, we cannot grant summary judgment to Appellant on the grounds that Brothers is in violation of the Bylaw because it is operating a "contractor's yard." Where a use is alleged to have been in existence and unchanged for 30 or more years, the Court cannot find a violation of the Bylaw by simply looking at how the particular use is best defined under the present ordinance and determining whether that use is currently allowed. Thus, even if we agreed with Appellant that Brothers' current use of the property constitutes a "contractor's yard" under the present Bylaw, we cannot say that it is a zoning violation, particularly if that use lawfully preexisted the adoption of the present Bylaw. Because material facts are in dispute regarding what Brothers' use of the property has been, when it was established, and whether the use has changed (as opposed to how that use is defined or regulated), we cannot

6

grant summary judgment in Appellant's favor. The Court, therefore, **DENIES** Appellant's motion for summary judgment.

### III.    <u>Brothers' Cross-Motion for Summary Judgment</u>

In its response to Appellant's motion for summary judgment, Brothers cross-moves, asking the Court find that Appellant's appeal is barred by the unappealed December 17, 2012 ZA decision and 24 V.S.A. § 4472(d). An act or decision of an administrative officer may be appealed to the appropriate municipal panel within 15 days of the date of the act or decision. 24 V.S.A. § 4465(a). "Upon the failure of any interested person to appeal to an appropriate municipal panel under section 4465 . . . all interested persons affected shall be bound by that decision or act of that officer . . . and shall not thereafter contest, either directly or indirectly, the decision or act . . . ." 24 V.S.A. § 4472(d). Brothers argues that the current appeal is an attempt to challenge the ZA's unappealed findings that there was no change in use and that Brothers' use of the property as a storage barn and construction workshop was not in violation of the Bylaws.

Appellant argues that his current appeal is related to matters not decided in the December 17, 2012 ZA decision and therefore is not barred by § 4472(d). This legal determination is fact-specific. The Court cannot single out the use for which the ZA determined a permit was not required without knowing both the historical use of the property on which the ZA based her decision and what the use of the property was in December 2012, the time of the ZA's decision. These facts are disputed by the parties and therefore may only be resolved through trial. Appellant further argues that the nature of Brothers' use has changed even since the December 2012 ZA decision and that the current use of the property is in violation of the Bylaw. (Appellant's Reply to Brothers' Resp. to Appellant's Mot. for Summ. J. at 5, filed Mar. 12, 2014). We believe that this factual dispute is material to our determination of the pending legal issue and that the resolution of this factual dispute must also await a trial.

Thus, although we agree with Brothers that the unappealed December 17, 2012 ZA decision is binding upon Appellant and that he cannot contest, directly or indirectly, that decision, material facts remain in dispute regarding whether Brothers' current use of its 49 Butcher House Drive property has materially changed and is currently in violation of the

7

Waitsfield Zoning Bylaws.  Brothers' cross-motion for summary judgment must therefore be **DENIED**.

Electronically signed on July 10, 2014 at 03:44 PM pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division